UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCELERANT SPECIALTY
INSURANCE COMPANY and
TEXAS INSURANCE COMPANY,

    Plaintiffs,

v.                                     Case No. 8:25-cv-425-KKM-AAS

ERIC SMALL,

    Defendant.
_____/

**ORDER**

Plaintiffs Accelerant Specialty Insurance Company and Texas Insurance Company (collectively, the plaintiffs) move for an order compelling Defendant Eric Small to provide complete responses to their discovery requests. (Doc. 40). In response, Mr. Small claims he has provided "all relevant and responsive documentation in his possession." (Doc. 44, p. 2). The court directed the plaintiffs to file a notice advising the court whether the issues raised in their motion to compel were resolved. (Doc. 45). The plaintiffs outlined the remaining discovery issues, which are Mr. Small's responses to interrogatory nos. 10, 11, 15, and 17, and requests for admission nos. 1–3, 5–17, and 20–35. (Doc. 46, pp. 3–6). The court will address the remaining discovery disputes.

1

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that are relevant to the issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

Regarding Mr. Small's responses to the plaintiffs' interrogatories, Mr. Small objects to identifying which "must recommendations" included in the Condition & Marine Risk Survey Report were corrected because the term "must recommendations" is not sufficiently defined. (Doc. 46-1, p. 6). Interrogatory no. 10 relates to a Condition & Marine Risk Survey Report that was requested by Mr. Small and submitted to the plaintiffs as part of Mr. Small's application for insurance. (*See* Doc. 1, ¶ 17, Doc. 1-4). "[M]ust recommendations" are labeled as such in that report. (Doc. 1-4, p. 13). Likewise, the term "deficiencies" referenced in the plaintiffs' interrogatory no.

11 is also clearly identified as "DEFICIENCIES," followed by an itemized list in the Condition & Marine Risk Survey Report. (*Id.*). Interrogatory no. 15 requests that Mr. Small describe the circumstances of the incident that resulted in his filing a claim with the plaintiffs, and regarding interrogatory no. 17, the steps he took to mitigate his losses. (Doc. 46-1, p. 8). The plaintiffs' interrogatory nos. 10, 11, 15, and 17 are relevant and proportional to the claims in this action and must be adequately answered.

Mr. Small also objected to all but four of the plaintiffs' requests for admissions. (*See* Doc. 40, pp. 5–6). "[T]he purpose of requests for admissions is to narrow the number of issues at trial, avoiding unnecessary time and expense." *Knox-Thompson v. Truist Bank*, Case No. 8:20-cv-1145-T-35MSS, 2020 WL 10354010, at *4 (M.D. Fla. Nov. 3, 2020) (citing *Kaplan v. Blue Cross & Shield of Fla., Inc.*, No. 06-80162-CIV, 2006 WL 8433299, at *2 (S.D. Fla. Nov. 9, 2006)). The requesting and responding parties "should be direct, specific, and not vague or ambiguous in their requests and responses." *Capsmith, Inc. v. Wysopal*, No. 6:07-cv-1572-Orl-22KRS, 2018 WL 5432289, at *2 (M.D. Fla. Dec. 31, 2008). Mr. Small argues that he cannot respond to various references to documents because they are not attached to the requests for admissions. Not only are these documents in the record, but copies of these documents have been furnished to Mr. Small by way of the plaintiffs' initial disclosures or in response to Mr. Small's request for production. The plaintiffs'

3

request for admission nos. 1–3, 5–17, and 20–35 seek relevant information that is proportional to the needs of this action. Mr. Small's objections lack merit and are overruled.

Accordingly, the plaintiffs' motion to compel (Doc. 40) is **GRANTED**. By **January 9, 2026**, Mr. Small must provide amended responses to the plaintiffs' interrogatory nos. 10, 11, 15, and 17, and request for admission nos. 1–3, 5–17, and 20–35. The plaintiffs' reasonable attorney's fees and expenses incurred in bringing this motion are awarded against Mr. Small.[1] Also by January 9, 2026, the parties must confer and attempt to agree on the reasonable amount of attorney's fees and expenses that the plaintiffs incurred in relation to this motion. If the parties cannot agree, the plaintiffs may file a motion with supporting documentation.

**ORDERED** in Tampa, Florida, on December 19, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Federal Rule of Civil Procedure 37(a)(5)(A) (emphasis added).