## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ACCELERANT SPECIALTY
INSURANCE COMPANY and
TEXAS INSURANCE COMPANY,

     Plaintiffs,

v.                             Case No. 8:24-cv-425-KKM-AAS

ERIC SMALL,

     Defendant.

_____

## <u>ORDER</u>

Accelerant Specialty Insurance Company and Texas Insurance Company sue Eric Small seeking a declaration that Small's insurance policy is void and does not cover damage to his vessel that occurred during Hurricane Milton in October 2024. Compl. (Doc. 1). Small moves to dismiss all counts. MTD (Doc. 18). I deny the motion.

## I.    BACKGROUND

Defendant Eric Small owns a 1998 seventy-six-foot Lazarra boat called *Small Change*. Compl. ¶ 10. In November 2023, Small purchased an insurance policy for the vessel that provided up to $649,000 in coverage from the Insurers. *Id.* ¶¶ 11–12, 14. The policy covered the vessel from November 15, 2023, to November 15, 2024. *Id.* ¶¶ 14–15. To obtain the policy, Small made several

representations about the condition and upkeep of the vessel. *Id.* ¶¶ 14–19. He also made express promissory warranties in the policy itself. *Id.* ¶¶ 32–34, 40–41, 52–53. The policy further provided that "any breach [of a warranty] will void this Insuring Agreement from inception." *Id.* ¶ 13. Three of the warranties are at issue here.

*Survey Compliance Warranty.* First, Small certified in his application that he made updates and repairs to the vessel as recommended by a surveyor. *Id.* ¶¶ 17–19. These recommendations were incorporated into the policy as part of the Survey Compliance Warranty. *See id.* ¶ 28. Specifically, the warranty provided that "[i]f the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder[.]" *Id.*

*Fire Suppression Warranty.* Second, the policy included a requirement that fire-suppression equipment must be kept in good condition, as well as tagged, certified, and weighed by a professional at least annually. *Id.* ¶¶ 13, 40.

*Windstorm Warranty.* Third, as both part of his application and in the policy itself, Small made representations about the vessel's location. He declared that the vessel would be moored at a marina in Fort Lauderdale, Florida, between July 1 and November 1, 2024. *Id.* ¶¶ 13–15, 54. And he agreed

to move the vessel 100 miles away from a hurricane's "Cone of Uncertainty" upon issuance of a hurricane watch. *Id.* ¶¶ 13, 52–53.

The policy also included venue and choice-of-law provisions. They provided that any dispute will be adjudicated in the federal district court where either Small or his insurance agent resides and that federal admiralty law will govern, with any gaps filled by "the substantive laws of the State of New York." *Id.* ¶¶ 13, 30, 43, 57. The choice-of-law provision is especially important because, according to the Insurers, New York law strictly enforces maritime insurance contracts. *Id.* ¶ 31.

In October 2024, while the policy was in effect, Hurricane Milton made landfall in Florida. *Id.* ¶ 10. At that time, the vessel was located in Venice, Florida. *Id.* ¶ 22. Moreover, Small did not relocate the vessel 100 miles outside of the Milton's cone of uncertainty. *Id.* ¶ 23. The vessel sustained damage, and Small submitted a claim. *Id.* ¶ 20.

The Insurers conducted an inspection to evaluate the claim. *Id.* ¶¶ 20–26. They found that Small violated the above warranties as well as the representations made as part of Small's application for coverage. *Id.* Specifically, the Insurers found that over a dozen recommendations were incomplete at the time of the incident. *Id.* ¶¶ 24, 33–35. Small likewise failed to maintain, tag, and certify fire-suppression equipment. *Id.* ¶¶ 45–49. Further, since "at least the summer of 2024," the vessel was in Venice, Florida,

3

and Small did not move it sufficiently away from the storm. *Id.* ¶ 22. As a result, the Insurers "reserved their rights and filed this action" against Small. *Id.* ¶¶ 21, 26.

The Insurers seek a declaratory judgment that Small violated his legal duties and that, as a result, the policy is void from its inception and does not cover Small's claim. *Id.* ¶¶ 27–38, 39–50, 51–60, 61–70, 71–78 ("Wherefore" clauses). The Insurers bring five counts and allege that Small: (1) breached the contract's Survey Compliance Warranty; (2) breached the contract's Fire Suppression Warranty; (3) breached the contract's Windstorm Warranty; (4) breached his duties under the common law admiralty doctrine of *uberrimae fidei*; and (5) breached the general contract condition barring misrepresentations. *Id.*

Small moves to dismiss all counts. MTD (Doc. 18). His motion challenges subject matter jurisdiction, personal jurisdiction, venue, the propriety of a declaratory judgment action, and the legal sufficiency of the claims based on Federal Rules of Civil Procedure 8(a)(2), 9(b), and 12(b)(6). He also argues that the *uberrimae fidei* claim is duplicative and barred by an affirmative defense. Each argument fails.

## II.    LEGAL STANDARDS

### A. The Declaratory Judgment Act

Absent inapplicable exceptions, the Declaratory Judgment Act allows "any court of the United States, upon the filing of an appropriate pleading," to "declare the rights and other legal relations of any interested party seeking such declaration" in a "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). While the Act "gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam). Thus, "a district court has discretion in deciding whether to entertain an action under the Act." *Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc*, 12 F.4th 1278, 1281 (11th Cir. 2021). Though not a "prerequisite," *see id.* at 1284, abstention ordinarily occurs "in the face of parallel litigation in the state courts." *Ameritas*, 411 F.3d at 1331 (citation modified).

### B. Federal Rule of Civil Procedure 8(a)(2)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### C. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged.'" *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)).

Rule 9(b) is satisfied if the complaint alleges the "'facts as to time, place, and substance of the defendant's alleged fraud,' specifically 'the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (quoting *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 567 (11th Cir. 1994) (per curiam)).

### D. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting

*Twombly*, 550 U.S. at 570). A claim is plausible on its face when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering the motion, the complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Consideration is limited "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 544.

## III.   ANALYSIS

Small moves to dismiss for lack of subject matter jurisdiction, personal jurisdiction, and proper venue. He also argues that the Court should abstain from the declaratory judgment action, that the Insurers fail to plead with specificity, fail to state any of their claims, and that equity bars their *ubberimae fidei* claim. I deny the motion on all grounds.

### A. Subject Matter Jurisdiction

Article III of the Constitution provides that "the judicial Power of the United States" extends to "all Cases of admiralty and maritime Jurisdiction." U.S. CONST., art. III, § 2, cl. 1. Federal district courts have original and

exclusive jurisdiction, absent exceptions not relevant here, of "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1).

To determine whether a civil case falls within admiralty or maritime jurisdiction, courts apply different tests based on whether the dispute sounds in contract or tort. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004). In contract, the question is whether the contract is "maritime in nature." *Id.* at 26; *see id.* at 24 ("[T]he answer 'depends upon . . . the nature and character of the contract,' and the true criterion is whether it has 'reference to maritime service or maritime transactions.'" (quoting *North Pacific S.S. Co. v. Hall Brothers Marine Railway & Shipbuilding Co.*, 249 U.S. 119, 125 (1919)). It is well settled in this Circuit that "[m]arine insurance contracts qualify as maritime contracts, which fall within the admiralty jurisdiction of the federal courts and are governed by maritime law." *GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135, 1139 (11th Cir. 2019).

Small argues that admiralty jurisdiction is not adequately pleaded because the complaint fails to allege the factors necessary for tort jurisdiction. MTD at 5–6. But, as the Insurers note—and Small elsewhere describes—this action concerns a marine insurance contract, not a tort. Resp. (Doc. 22) at 3–4; *see, e.g.*, MTD at 9. Accordingly, this Court has admiralty jurisdiction over this action.

Small separately argues that there is no federal question or diversity jurisdiction. MTD at 3, 6–7, 9–11. I do not address those arguments because the Insurers sufficiently pleaded admiralty jurisdiction.

## B. Personal Jurisdiction

A plaintiff must make out a *prima facie* case for personal jurisdiction, at which point the burden shifts to the defendant to "raise, through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction." *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (per curiam) (citation modified); *see also Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.*, 140 F.4th 1304, 1315 (11th Cir. 2025) (explaining the evidentiary requirements to contest personal jurisdiction).

"Serving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(k)(1)(A). In Florida, circuit courts have jurisdiction over in-state residents. *Haueter-Herranz v. Romero*, 975 So. 2d 511, 516 (Fla. 2d DCA 2008).

The Insurers allege that Small was served a summons in Florida, is a Florida resident, and consented to litigate in Florida. Compl. ¶¶ 3, 9; Resp. at 5–7. On the first point, they offer as evidence a proof service wherein a process server attests to serving Small a summons in Florida. Resp. at 5; Proof of Service (Doc. 9) at 1. To establish residency, the Insurers offer Small's Florida

address on the policy. *See* Resp. at 6–7; Policy (Doc. 1-1) at 1. Though the policy did not specify whether the address was "residential," the Insurers allege that it was, and Small does not rebut the claim. *See* Policy at 1; Resp. at 5; Compl. ¶ 3.

To show consent, the Insurers point to the policy's forum-selection clause, under which the parties agreed to litigate in "the Federal District court within which [Small] resides or the Federal District court within which [his] insurance agent resides." Resp. at 5; Policy at 19. The addresses on the policy for both Small and his insurance agent are in this District. *See* Policy at 1 (listing Small's address in Nokomis, Florida, and his agent's address in St. Petersburg, Florida); *see also* Local Rule 1.04. While possible that Small or his agent resided elsewhere at the time the complaint was filed, Small was served the summons at the same Nokomis address. *See* Proof of Service. Thus, there is sufficient evidence to suggest that Small resided in this District at the time of filing, especially in the absence of contrary evidence. Given the above, the Insurers make out a *prima facie* case for personal jurisdiction, and the burden shifts to Small.

Small disputes personal jurisdiction but offers no argument or evidence to contravene these allegations. *See* MTD at 8. Elsewhere he "disputes that process was sufficiently served" but does not say how service failed. MTD at 17. As such, Small does not meet his burden to challenge personal jurisdiction.

*See Internet Solutions*, 557 F.3d at 1295. Because the Insurers make out a prima facie case that Small fails to rebut, his argument for dismissal fails.

### C. Venue

Venue is likewise proper. As mentioned above, the policy has a forum-selection clause that locates venue in "the Federal District court within which [Small] resides or the Federal District court within which [his] insurance agent resides." Compl. ¶ 3 (quoting Policy at 19). The Insurers allege that the address of Small's insurance agent is in Pinellas County, Florida. *Id.* Thus, they argue, the forum-selection clause permits venue in this District.

Small does not dispute the location of the insurance agent or argue the forum-selection clause is invalid. *See* MTD at 8. Nor does he propose an alternate venue. *See id.* Instead, Small claims that the Insurers cannot invoke the forum-selection clause of a contract they otherwise seek to void. *Id.* According to Small, "[e]ither the policy/binder is valid and enforceable, or it is null and void."). *Id.*

This assertion is incorrect. Via the clause, the parties elected a venue to settle disputes about the contract. This is a dispute about the contract, and Small does not question the propriety of the clause. Thus, venue is proper. *See Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 601 U.S. 65, 71 (2024) ("[F]orum-selection clauses in maritime contracts are prima facie valid under federal maritime law and should be enforced unless doing so would be

11

unreasonable under the circumstances." (citation modified)); *AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1293 (11th Cir. 2022) (explaining that parties must proceed "in the forum they have chosen to resolve their disputes— that is, unless the forum-selection clause is *itself* unenforceable"); *see also Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1238 (11th Cir. 2011) ("A forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained.").

### D. Declaratory Judgment

"[I]n deciding whether to entertain an action under the [Declaratory Judgment] Act," courts in this Circuit consider the totality of the circumstances. *S. Heating & Cooling Inc.*, 12 F.4th at 1281, 1285. "[N]on-exclusive guideposts" include whether a declaratory action will "clarify[] the legal relations at issue," "settle the controversy," or "encroach on state jurisdiction." *Id.* at 1283. Courts also consider "whether [a] state trial court is in a better position to evaluate . . . factual issues" that "are important to an informed resolution of the case." *Id.* Though a district judge has discretion, she may not "decline to resolve . . . routine disputes as a regular practice." *Id.* at 1290–91 (Brasher, J., concurring).

Small urges that a declaration of rights is the wrong vehicle for disposition of this conflict. He contends that a declaratory judgment (1) will

not resolve the parties' dispute; (2) is fact-intensive; and (3) risks depriving him of a jury trial. MTD at 3–5. I disagree and address each argument in turn.

First, redressability. "The party who invokes a federal court's authority must show . . . that the [alleged] injury is likely to be redressed by a favorable court disposition." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). The parties dispute whether the Insurers are obligated to provide coverage for damage to Small's vessel. MTD at 2. The impending harm is monetary loss from paying an insurance claim on an (allegedly) void contract. And the requested relief—a declaration that "the Policy is void . . . and does not provide coverage"—would nullify that harm. Compl. ("Wherefore" clauses). Small offers nothing in response. Thus, the alleged injury is redressable, and Small's challenge fails.

Second, the fact-intensive nature of the case does not make declaratory judgment inappropriate. Small argues that, because the Insurers ask the Court to "make factual determinations regarding potential breaches of contract" that allegedly occurred in the past, the Insurers are not "seek[ing] a purely legal ruling" and a declaratory judgment is inappropriate. MTD at 4. But "[t]hat the dispute turns upon questions of fact does not withdraw it . . . from judicial cognizance." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937) (holding that the fact-intensive nature of an insurance contract dispute did not preclude declaratory judgment). Small's

only authority for abstention is a single order that concerned a materially different context. *See* MTD at 4 (citing *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, No. 07-61259-CV, 2008 WL 828122, at *2 (S.D. Fla. March 27, 2008) (staying a declaratory judgment action that had a parallel contract dispute pending in state court), *aff'd*, 298 F. App'x 813 (11th Cir. 2008) (per curiam). Small does not argue that "a state trial court is in a better position to evaluate" this dispute, likely because there is no parallel state proceeding. *See Nat'l Tr.*, 12 F.4th at 1283. Like "most declaratory judgment actions between a liability insurer and its insured," this case primarily concerns the "interpretation of [an] insurance contract." *Id.* at 1291 (Brasher, J., concurring) (explaining that abstention might be appropriate in the contrary scenario when a "lawsuit turns more on the facts of the alleged tort than an interpretation of the insurance contract"). Courts in this Circuit regularly review fact-intensive declaratory judgment disputes over marine insurance contracts. *See, e.g.*, *GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135, 1185 (11th Cir. 2019) (reviewing bench trial on whether damage resulted from corrosion and was thus excluded from insurance coverage). Thus, the factual nature of the declaratory judgment action does not preclude its resolution.

Finally, Small's jury trial preclusion argument lacks merit. Small argues that this suit in admiralty might preclude his ability to have a jury decide the dispute. MTD at 3. It is true that "Rule 38, which governs the procedure for

demanding a jury trial, 'do[es] not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h).'" *See Accelerant Specialty Ins. Co. v. Z & G Boat & Jet Ski Rentals, Inc.*, 737 F. Supp. 3d 1297, 1303–04 (M.D. Fla. 2024) (quoting FED. R. CIV. P. 38(e)). So, "when an insurer files a 'declaratory judgment complaint as to [a marine insurance policy] claim[ing] the special benefits of admiralty procedures, including a non-jury trial, by setting forth why admiralty jurisdiction exist[s] and by designating th[e] action under Rule 9(h),' the insured cannot demand a jury trial on a counterclaim for breach of contract." *Id.* at 1304 (quoting *St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1188 (11th Cir. 2009)). But Small does not assert counterclaims, nor does he point to any concrete efforts to seek a jury trial—here or in any other court. *See* MTD at 3. Thus, I decline to abstain. There is no pending state action that would resolve the claim and any future litigation by Small is too speculative. Absent pending litigation elsewhere, Small's jury trial concern poses no barrier to adjudication of the Insurer's claims.

### E. Counts I–III: Breach of Express Promissory Warranties

The Insurers bring three counts for breach of the express warranties in the contract. Count I alleges that Small violated the Survey Compliance Warranty by failing to complete the recommended repairs. Compl. ¶¶ 27–38. Count II alleges breach of the Fire Suppression Warranty by failing to tag,

certify, and maintain the fire-suppression equipment. *Id.* ¶¶ 39–50. Count III alleges that Small violated the Windstorm Warranty by failing to move the vessel 100 miles outside the cone of uncertainty of the hurricane. *Id.* ¶¶ 51–60.

The Insurers argue that each violation voids the policy from its inception. *Id.* ¶¶ 29, 38, 42, 50, 59–60 (Citing General Condition xx., which voids the policy based on any breach of warranty). Further, they invoke New York law, under which "an insured forfeits coverage by violating a marine insurance warranty, regardless of whether the violation had any effect on the accident." *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 71 F.4th 894, 897 (11th Cir. 2023); *see also* Compl. ¶ 31. Accordingly, the Insurers request a declaration from this Court that the policy is void and that they have no obligation to provide coverage for Small's claim.

Small moves to dismiss all three warranty counts. He offers three bases: the complaint (1) fails to plead damages; (2) fails to meet the heightened pleading standard for fraud; and (3) is impermissibly vague. Each argument fails.

### i.    Damages

Small contends that the warranty claims fail because the Insurers do not plead damages. MTD at 4, 9–11. But the Insurers plead future harm, which is sufficient in a declaratory judgment action. *See Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) ("Where the plaintiff seeks declaratory . . . relief,

as opposed to damages for injuries already suffered," he must show "a substantial likelihood that he will suffer injury in the future." (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)). The Insurers plead a substantial likelihood of future injury. They allege that Small's vessel was damaged and that he filed a claim under a policy that provides up to $649,000 in hull coverage. Compl. ¶¶ 10–12. Thus, the alleged future injury is the payout on a policy that Small allegedly breached. This injury is not speculative—Small already demanded performance. *Id.* ¶ 11; MTD at 2. In the light of the above, Small's attempt to dismiss the warranty claims for lack of damages fails.

### ii.    Specificity and Vagueness

Next, Small argues that the warranty claims do not meet Rule 9(b)'s heightened pleading standard, *see* MTD at 7, which requires a party "alleging fraud or mistake" to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).

"Whether a plaintiff 'alleg[es] fraud' under Rule 9(b) depends on the factual allegations underlying a plaintiff's claim—not how the plaintiff styles his claim." *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1293 (11th Cir. 2025). To determine whether Rule 9(b) applies, a court "compar[es] a plaintiff's allegations to the elements of common law fraud." *Id*. at 1294. Likewise, if a plaintiff pleads both non-fraud and fraud claims, and bases each on the same

factual predicate—such as a misrepresentation by the defendant—the heightened 9(b) standard applies to allegations under both claims. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006) (applying Rule 9(b) to fraud and non-fraud claims under the Securities Act).

In Small's view, Rule 9(b) applies because the warranty claims "are based on alleged fraudulent representations and omissions that [he] made." MTD at 7. The Insurers counter that fraud has nothing to do with their warranty claims (Counts I–III), which they argue depend only on whether there was a warranty, and whether it was breached. Resp. at 18–19. They otherwise accept that 9(b) applies to allegations of misrepresentation under Counts IV and V. *Id.* at 18–21.

The Insurers are correct that, on their face, the claims appear to be straightforward declaratory breach of contract counts that would not be subject to Rule 9(b). To be sure, there appears to be overlap in the factual predicate for at least one of the warranty counts and the *uberrimae fidei* count, both of which allege that Small did not make updates to the boat that he certified had been made. *See* Compl. ¶ 28, 32–34, 65–66.

In any event, this Court need not decide whether 9(b) applies because the Insurers meet the standard. The warranty claims are specific. The Insurers describe precisely what Small warranted, when he did so, how he did so, and why the Insurers determined that he breached. *Id.* ¶¶ 32–37. The Survey

Compliance Warranty is illustrative. The Complaint quotes directly from the insurance policy and Small's Letter of Survey Compliance that attested to completion of recommended repairs. *See Id.* ¶¶ 13, 18–19. The Complaint notes at least fourteen of the surveyor's recommendations remained incomplete by the time of the incident, and it provides the basis for the finding in the post-incident inspection report. *Id.* ¶¶ 32–35; Survey Report (Doc. 1-6). These detailed allegations plainly satisfy Rule 9(b).

Small similarly argues that the complaint is unacceptably vague in violation of Rule 8(a)(2). He contends that the Insurers "only offer bare assertions" that are "so vague and ambiguous that [he] cannot reasonably prepare a response." MTD at 8–11. Not so. The complaint is specific and alerts him of what the Insurers allege occurred. Thus, Small's attempts to dismiss the Insurers' warranty claims for lack of specificity and vagueness do not warrant dismissal.

### F. Count IV: Breach of Duty Under Uberrimae Fidei

*Uberrimae fidei* is a maritime law doctrine that applies to marine insurance contracts. The doctrine requires an insured to act in the "utmost good faith" when seeking marine insurance. *AIG Centennial Ins. Co. v. O'Neill*, 782 F.3d 1296, 1303 (11th Cir. 2015). An insured must "fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk." *Quintero v. Geico Marine Ins. Co.*, 983 F.3d 1264, 1271 (11th Cir. 2020)

19

(citation modified). The failure to disclose a material fact—even because of "mistake, accident, or forgetfulness," *HIH Marine Servs., Inc. v. Fraser*, 211 F.3d 1359, 1362 (11th Cir. 2000) (quoting *Steelmet, Inc. v. Caribe Towing Corp.*, 747 F.2d 689, 695 (11th Cir. 1984), *vacated in part on other grounds*, 779 F.2d 1485 (11th Cir. 1986)),  "render[s the] insurance policy void ab initio," *AIG Centennial*, 782 F.3d at 1303.

The Insurers allege that Small violated his duties under *uberrimae fidei* when he made false representations that he complied with the survey recommendations, that he would dock the vessel in Fort Lauderdale, and that he would move the boat 100 miles outside the cone of uncertainty in the event of a hurricane. Compl. ¶¶ 61–70.

Small urges dismissal of this claim on four grounds, that the Complaint (1) fails to state a claim under Rule 12(b)(6); (2) is overly vague; (3) is barred by an affirmative defense akin to unclean hands; and (4) is duplicative. *See* MTD at 12–14. As above, all the arguments fail.

### i.    Failure to State a Claim

While moving to dismiss under 12(b)(6), Small does not identify any element that the Insurers fail to plead. *See id.* at 12. Nor does he argue that he lacked a duty under the doctrine of *uberrimae fidei. See id.* at 13. With no support, his argument fails.

### ii.    Vagueness

Second, Small urges dismissal on the grounds that the Insurers make no more than "bare assertions" that are too "vague and ambiguous" for a response under Rule 8(a)(2). *Id.* at 8–9, 12. As with the warranty claims, the Insurers specify the representations that Small made, as well as when and where he made them. Compl. ¶¶ 17–18, 65–67. They also explain their basis for finding them untrue. *Id.* ¶¶ 22–24. Thus, the claims are not overly vague, whether viewed under Rule 8(a)(2) or Rule 9(b)'s heightened standard, and Small's objection fails.

### iii.    Affirmative Defense

Third, Small argues that an affirmative defense akin to unclean hands precludes the *uberrimae fidei* count. *See* MTD at 13. Specifically, he contends that the Insurers breached a reciprocal duty to "act in good faith" and that breach "must operate as a bar to Count IV and preclude this cause of action." *Id.*

"An affirmative defense may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim, but *only* if the defense is apparent on the face of the complaint." *Hudson Drydocks Inc. v. Wyatt Yachts Inc.,* 760 F.2d 1144, 1146 n.3 (11th Cir. 1985) (emphasis added). Small provides no explanation of how this defense is apparent on the face of the complaint. *See* MTD at 13. In fact, he cites no facts at all in support of this argument, and it

is not otherwise clear what the basis for the argument would be. *See id.* And in any event, whether a plaintiff had "unclean hands" is almost certainly a fact question, not ripe for adjudication at the motion to dismiss stage.

### iv.    Duplicativeness

Fourth, Small urges dismissal of the *uberrimae fidei* count on the grounds that it is duplicative. Specifically, he asserts that New York "[c]ourts do not recognize a separate cause of action for breach of an implied covenant of good faith and fair dealing when dealing with a breach of contract claim." MTD at 13. The Insurers respond that they do not allege breach of an implied covenant of good faith and fair dealing, but instead a claim under *uberrimae fidei*, which is a distinct cause of action. Resp. at 17.

To the extent that Small argues that the *uberrimae fidei* count is duplicative of the declaratory breach of express warranty counts, the Insurers contend they "are two distinct claims that are governed by different laws and have completely different elements." *Id.* at 18. Further, they insist that the claims rest on different factual predicates. *Id.* The warranty claims depend on Small's breach of the specific promissory warranties incorporated into the contract. *Id.* In contrast, the *uberrimae fidei* claim rests on pre-contractual representations from the application process. *Id.* at 17–18.

The Complaint does not allege breach of the implied covenant of good faith and fair dealing. *See* Resp. at 17. But, as mentioned above, there does

appear to be overlap in the facts underlying the *uberrimae fidei* and breach of contract claims. Compl. ¶¶ 28, 32–34, 65–68. But it remains unclear at this stage whether the *uberrimae fidei* claim, which is rooted in admiralty, is duplicative of the contract claims, either under New York law or the common law of admiralty. Small does not point to any relevant caselaw on the topic. In the light of the lack of briefing, I decline to speculate and deny Small's argument for dismissal on this ground.

### G. Count V: Breach of Condition Barring Misrepresentation

As their fifth and final count, the Insurers allege that Small breached "General Condition xiii" of the policy, which provides that "[the] contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to Our acceptance or continuance of this insurance." Compl. ¶ 72. As in the *uberrimae fidei* count, the Insurers point to Small's allegedly false representations regarding survey compliance and vessel location. *Id.* ¶¶ 73–76. The Insurers attest that they "would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had Insurers known any one or any combination of the [misrepresented] facts." *Id.* ¶ 77.

Small moves to dismiss on the grounds that the Insurers fail to state a claim under Rule 12(b)(6), that they fail to plead with specificity under Rule 9(b), and that the assertions are too vague to prepare a response.

23

All three arguments fail for the same reasons stated above. Small does not specify which (if any) element is missing from the claim; the Insurers plead with specificity; and the complaint is not vague. Accordingly, Small's request to dismiss Count V fails.

## IV. CONCLUSION

The Insurers bring five claims in this declaratory judgment action against Small: three for breach of the contract's specific promissory warranties, one for breach of the duty under *uberrimae fidei*, and the last for breach of a general warranty barring misrepresentation. The Court is satisfied that there is both personal and subject matter jurisdiction and that the complaint adequately alleges the five counts. Accordingly, the following is **ORDERED**:

1. Defendant's motion to dismiss all claims (Doc. 18) is **DENIED**.

2. By **January 12, 2026**, Small must answer the Insurers' complaint (Doc. 1).

**ORDERED** in Tampa, Florida, on December 29, 2025.

Kathryn Kimball Mizelle
United States District Judge