UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCELERANT SPECIALTY
INSURANCE COMPANY and
TEXAS INSURANCE COMPANY,

    Plaintiffs,

v.                                             Case No. 8:25-cv-425-KKM-AAS

ERIC SMALL,

    Defendant.
_____

**ORDER**

    Accelerant Specialty Insurance Company and Texas Insurance Company move to sanction Defendant Eric Small under Rule 11 based on his unsuccessful motion to dismiss their complaint. Mot. (Doc. 23). Small's counsel objects to the motion. Resp. (Doc. 30). Because Small's counsel made frivolous and misleading representations, I grant the motion and order sanctions jointly against Small's counsel and his law firm, Neblett Law Group.

    I.    **BACKGROUND**

    This Court's December 29, 2025 order details the facts of the case. *See* Order (Doc. 48), *Accelerant Spec. Ins. Co. et al. v. Small*, No. 8:24-CV-425-KKM-AAS, 2025 WL 3750707 (M.D. Fla. Dec. 29, 2025). For ease of reference here, Small purchased an insurance policy for his boat from the Insurers.

Compl. (Doc. 1) ¶¶ 10, 12, 14. When Hurricane Milton made landfall in 2024, Small's boat was damaged, and he submitted a claim to the Insurers. *Id.* ¶¶ 10, 23, 20–26. In response, the Insurers brought this declaratory judgment action under federal admiralty jurisdiction. *Id.* ¶ 2.

Small, represented by David Avellar Neblett and James M. Mahaffey, III of Neblett Law Group, moved to dismiss all counts. Small argued that there was lack of subject matter jurisdiction, personal jurisdiction, and proper venue. He also contended that the Insurers failed to serve process, to plead with specificity, to state a claim, and that abstention and equity cut against this Court exercising jurisdiction. *See* MTD (Doc. 18). I denied the motion to dismiss on all grounds. *See* Order.

The Insurers move to sanction Small under Rule 11 on the basis that his motion to dismiss made frivolous factual and legal claims. *See* Mot. Small, through the same counsel, opposes the motion. Resp. at 12.

## II.    LEGAL STANDARDS

"Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "Rule 11 authorizes the district court to sanction a party who files a pleading containing a false factual representation if that party knew of, or did not reasonably inquire into, the falsehood." *Mitchell v. Nobles*, 873 F.3d 869, 875

(11th Cir. 2017) (citing FED. R. CIV. P. 11(b), (c)(1)). Sanctions apply not only to affirmative falsehoods, but also to the denial of factual contentions without a reasonable basis. FED. R. CIV. P. 11(b)(4), (c). Likewise, a district court may grant sanctions when a party files a pleading "based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

"The standard for testing conduct under amended Rule 11 is reasonableness under the circumstances." *In re Off. of Ala. Att'y Gen.*, No. 21-13514, 2023 WL 129438, at *3 (11th Cir. Jan. 9, 2023) (per curiam) (quoting *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988)). Courts conduct a "two-step inquiry" that asks whether a claim is objectively frivolous and without basis and whether the person who signed the pleadings should have known. *Id.* The fact that a motion makes some nonfrivolous arguments does not bar sanctions "for putting [an] opponent to the expense of opposing a frivolous claim (or defense)." *Reliable Salvage & Towing, Inc. v. Bivona*, 476 F. App'x 852, 854 (11th Cir. 2012) (per curiam) (quoting *Reed v. The Great Lakes Companies, Inc.*, 330 F.3d 931, 936 (7th Cir. 2003)).

"[T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1). Monetary sanctions under Rule 11(b)(2) for frivolous legal

claims must be imposed on an attorney, not the represented party, and ordinarily a law firm is "held jointly responsible for a violation committed by its partner." *Id.* 11(c)(4), (5). When a sanction is "imposed on motion and warranted for effective deterrence," a court may order "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* 11(c)(4). The sanction "must be limited to what suffices to deter repetition of the conduct." *Id.*

### III. ANALYSIS

Neblett's representations in the motion to dismiss and response to the motion for sanctions, taken collectively, warrant a sanction.[1] In the motion to dismiss, Neblett made patently frivolous legal arguments and contested service of process without confirmation from his client that he had not been served. Faced with the Rule 11 motion, Neblett does not admit fault. Instead, he continues to misrepresent the law and attempt to mislead the Court. Given that Neblett describes himself as maritime expert and has made the same frivolous arguments before, Neblett should have known his assertions were baseless and sanctions are appropriate. Accordingly, I grant the motion.

---

[1] While both Neblett and Mahaffey signed the filings and in turn violated Rule 11, the analysis refers to Neblett who, as lead counsel, is "responsible to the court and the other parties for the conduct of the action." Local Rule 1.01(d)(9).

### A. Service of Process Objection

In the motion to dismiss, Neblett "disputes that process was sufficiently served" on Small but does not say why, reference the proof of service, or provide any affidavit or evidence as required. MTD at 17. The Insurers argue that this objection is frivolous and sanctionable. Mot. at 8. Although frivolous in itself, Neblett's later behavior escalates to the level of warranting sanctions.

Specifically, in his response, Neblett effectively admits that he did not consult with his client before alleging improper service in the motion to dismiss and thus had no reasonable basis to do so; *continues* to challenge service with no reasonable basis; and provides borderline misleading information to the Court.

Some background clarifies. The Insurers filed this complaint on February 20, 2025. Compl. In March, Neblett spoke with the Insurers' counsel, who confirmed that they had not yet served Small. Resp. at 9. On April 1, the Insurers served Small and filed proof on the docket. (Doc. 9). According to Neblett, he contacted his client Small at some point (it is not clear when) about the issue, "but has not yet received a response." Resp. at 9. Despite this, Neblett entered an appearance objecting to service of the complaint and objected to service again in the motion to dismiss. Notice (Doc. 11) at 1; MTD at 17. After the Insurers moved for sanctions, Neblett—still without speaking to his client

5

on the issue—continued to object to service, all without mentioning that proof of service was filed on the docket.[2] Resp. at 9.

This behavior is ground for sanctions under the prongs that ban affirmative falsehoods and unwarranted denials of facts. *See* FED. R. CIV. P. 11(b)(3), (b)(4), (c). Given that proof of service was filed and Neblett has never represented to the Court that his client told him a reason to suspect that service was invalid, Neblett cannot reasonably believe that he had, or has, a basis for contesting service. And his failure to mention the proof of service filed on the docket is borderline misleading. *See Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 148 (3d Cir. 2024) ("Candor means more than just not lying. . . . it means steering clear of half-truths, inconsistencies, mischaracterizations, exaggerations, omissions, evasions, and failures to correct known misimpressions created by the lawyers' own conduct." (citation modified)). Neblett failed to heed the duty of candor and his actions warrant sanctions.

---

[2] Below is the entirety of Neblett's response to the question of service:

> This case has a protracted history of service issues and requests to accept service and the undersigned believes genuine disputes exist over whether Mr. Small was personally served. In March 2025, the undersigned contacted counsel for Plaintiffs to request an extension to respond to the Complaint and as of late March, 2025, counsel for Plaintiffs had advised that Mr. Small had not yet been served with process. The undersigned has reached out to the Defendant as to this issue but has not yet received a response.

> Resp. at 9.

6

## B. Subject Matter Jurisdiction Objection

Neblett's objection to subject matter jurisdiction in the motion to dismiss was frivolous and misleading. *See* Mot. at 4–6. The law is well-settled not only on jurisdiction over maritime contracts but specifically marine insurance contracts like the one at issue here. *See GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135, 1139 (11th Cir. 2019) ("Marine insurance contracts qualify as maritime contracts, which fall within the admiralty jurisdiction of the federal courts and are governed by maritime law."). Yet Neblett challenged subject matter jurisdiction on the basis that the complaint failed to meet the standards of a test that is patently inapplicable to this case. Specifically, Neblett asserted that the applicable test was for admiralty jurisdiction over torts with no mention of the test for contracts, the standard clearly governing here. *See* MTD at 5–6; *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004) (explaining that when a court assesses whether a case falls under admiralty or maritime jurisdiction, the court applies a different test based on whether the dispute sounds in contract or tort).

When confronted with this issue, Neblett argues that "Small is permitted to attempt to persuade this Court to apply a different test based on the facts of this case." Resp. at 8. This is true, and Rule 11 does not require attorneys to specifically indicate when they are arguing to change the law. *See* FED. R. CIV. P. 11 advisory committee's note to 1993 amendment (hereinafter "1993

7

Committee Notes"). But the objection in the motion to dismiss was akin to an assertion that the standard for torts *is* the law and thus violated the duty of candor. *See Pierce v. Com. Warehouse*, 142 F.R.D. 687, 690 (M.D. Fla. 1992). In any event, even if Neblett was arguing to change the law, the change plainly had no basis and was frivolous. This behavior warrants sanctions. *See Hatteras of Lauderdale, Inc. v. Gemini Lady*, 853 F.2d 848, 852 (11th Cir. 1988) (affirming sanctions and describing a plaintiff's assertion of frivolous admiralty jurisdiction arguments as "exemplif[ying] the type of situation Rule 11 was designed to prevent").

### C. Misstatement of Law on Attorney's Fees

To make matters worse, Neblett misstates the law and misrepresents case holdings in his response to the sanctions motion. As one example, Neblett asserts that "attorney's fees are not recoverable in an admiralty action." Resp. at 2. While true that attorney's fees are generally not allowed in admiralty as part of an award to the prevailing party post-judgment (although there are exceptions, including when a party "act[s] in bad faith in the course of the litigation," *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 838 (11th Cir. 2010)), attorney's fees *are* allowed for violations of Rule 11. *See Cigainero v. Carnival Corp.*, 426 F. Supp. 3d 1299, 1306–07 (S.D. Fla. 2019) (imposing sanctions under Rule 11 for making a frivolous legal argument and making false statements of fact). Neblett cites no case in which attorney's fees

8

were denied under Rule 11 because the case was in admiralty. This behavior contributes to "a pattern of" misstating well-settled law and is further ground for sanction. *See* 1993 Committee Notes (advising that "whether [the improper conduct] was part of a pattern of activity" is relevant in considering sanctions).

### D. Counsel Should Have Known the Objections Were Frivolous

A reasonable lawyer would have known that the above factual representations and legal claims were baseless. Indeed, Neblett represents himself as a "Board-Certified Expert in Admiralty & Maritime Law" who earned a "Certificate in Reasonable Attorney Fees." *David Avellar Neblett*, Neblett Law Group (last visited Jan. 5. 2026), https://perma.cc/4M39-7QVF; *see also Maritime/Admiralty*, Neblett Law Group (last visited Jan. 5, 2026), https://perma.cc/Q3W4-6K4H (describing the practice as "a full-service maritime law firm"). Given that Neblett "has engaged in similar conduct in other litigation," the mere denial of the motion to dismiss is insufficient to deter the misconduct. 1993 Committee Notes; *see Accelerant Specialty Ins. Co. v. Ballard*, No. 23-61652-CIV, 2024 WL 6822676, at *2 (S.D. Fla. Feb. 7, 2024). And though the motion was filed against Small, Neblett is "responsible for the violation[s]," even the one premised on improper service. 1993 Committee Notes ("The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation."). As a result, sanctions against Neblett and

9

Neblett Law Group jointly are appropriate. *See* FED. R. CIV. P. 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.").

## IV.   CONCLUSION

I grant the motion for sanctions based on Neblett's frivolous and misleading objections to service of process, subject matter jurisdiction, and attorney's fees.[3] Accordingly, the following is **ORDERED**:

1. The motion for sanctions (Doc. 23) is **GRANTED IN PART**.

2. By **January 20, 2026**, the Insurers must file a paper detailing the amount of reasonable attorney's fees and costs incurred for preparing the motion for sanctions, replying to Neblett's response to the motion for sanctions, and responding to the frivolous objections in the motion to dismiss. The Insurers shall limit the computation to fees and costs incurred while litigating the issues of subject matter jurisdiction, service of process, and attorney's fees. The memorandum shall include affidavits

---

[3] I grant the motion without a hearing given that Small has had the opportunity to be heard and there are no factual questions that would change the outcome of the motion. *See Baker v. Alderman*, 158 F.3d 516, 525 (11th Cir. 1998) ("The accused (under Rule 11) must be given an opportunity to respond, orally or in writing as may be appropriate . . . . Rule 11 does not require that a hearing separate from the trial or other pretrial hearings be held on Rule 11 charges before sanctions can be imposed."); *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (abuse of discretion for not holding a hearing because of "contradictory factual issues").

and billing records in support of the amount and reasonableness of the fees.

**ORDERED** in Tampa, Florida, on January 6, 2026.

Kathryn Kimball Mizelle
United States District Judge